# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:12-cr-032
                                        Civil Case No. 3:16-cv-00093

                                        District Judge Susan J. Dlott
- vs -                                Magistrate Judge Michael R. Merz

EDWARD ROBINSON,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 127) which was re-referred[1] to the undersigned pursuant to Amended General Order 22-05 (ECF No. 40). The United States has filed an answer captioned Response in Opposition (ECF No. 131) and Defendant has filed a Reply in support (ECF No. 134), making the Motion ripe for decision.

Defendant pleads the following Grounds for Relief:

> **Ground One**: Counsel provided ineffective assistance of counsel at the plea stage of the proceeding.

---

[1] The Motion to Vacate was automatically referred to the undersigned under the Dayton General Order of Reference at the time it was filed on March 14, 2016, and it was during that time of reference that the Order for Answer was filed (ECF No. 128). However, before the Answer itself was filed, the reference was terminated by District Judge Black (ECF No. 130). The Motion remained exclusively assigned to Judge Black until Chief Judge Marbley reassigned the case to Judge Dlott on February 15, 2024 (ECF No. 138).

> **Supporting Facts:** Counselor O'Brien provided ineffective assistance of counsel at the plea stage of the proceeding when, during discussions of the prosecution's plea offer of 37 months, counsel misinformed the petitioner that the maximum penalty the petitioner faced was 5 years, rather than the 10 years maximum penalty the petitioner receive[d] after trial. And 2) Counselor O'Brien misinformation that the penalty the petitioner faced was 5 years caused the petitioner to deny a plea of 7 years made to the petitioner by the prosecution before trial.
>
> **Ground Two**: Counsel provided ineffective assistance of counsel by failing to file motion to suppress evidence.
>
> **Supporting Facts:** Counselor O'Brien provided ineffective assistance of counsel when counsel failed to file a motion to suppress evidence found during a search of the petitioner's home.
>
> **Ground Three:** Counsel provided ineffective assistance of counsel by failing to object to disclosure of court excluded stipulations.
>
> **Supporting facts:** Counselor O'Brien provided ineffective assistance of counsel when counsel failed to object to the disclosure to the jury of the nature of the petitioner's prior involuntary manslaughter conviction after the trial court was clear that the introduction of the involuntary manslaughter were not to be disclosed to the jury.

(Motion, ECF No. 127, PageID 2108-11).

All three of Robinson's Grounds for Relief raise claims of ineffective assistance of trial counsel in violation of the Sixth Amendment.  The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the

> deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of

3

a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

## Analysis

**Ground One: Ineffective Assistance in Plea Negotiations**

In his First Ground for Relief, Robinson asserts he received ineffective assistance of trial counsel when his trial attorney incorrectly advised him that the maximum penalty he faced upon conviction was five years imprisonment on two different occasions during plea negotiations, to wit, at a time when the United States was offering a sentence of thirty-seven months and later just before trial when the United States Attorney offered a sentence of eight-four months (seven years).

4

Robinson principally relies on a letter dated May 11, 2012, from Attorney O'Brien which states in pertinent part: "The charges carry a sentence of five years each which can be run consecutive and if the case is tried, based on my 50 year[s] of experience, the Judge will sentence you to between 6 years and 10 years." (ECF No. 127-3, PageID 2133). At the time this letter was written there were three charges pending against Robinson: unlawful possession of a firearm, possession with intent to distribute less than fifty kilograms of marijuana, and possession of ammunition. The drug count was dismissed without prejudice the next month, but not pursuant to any plea agreement (ECF No. 30). The firearms counts carried a statutory maximum of ten years and the drug count of five years. Assuming this portion of the letter is referring to the statutory maximum (as opposed to a Guideline calculation), it is accurate as to the drug count but inaccurate as to the firearms counts. In contrast to that portion of the letter, Attorney O'Brien spent a good deal of time explaining the benefits of the thirty-seven month offer in the first part of the letter.

In contrast to the mistake about the statutory maxima, O'Brien's prediction about a likely sentence was completely accurate and could have been imposed even if the statutory limit was five years on each count. As the United States has argued, Robinson's claim that he believe five years was the most to which he could be sentenced is not credible.

Although Robinson rejected the Government's first sentence offer, plea negotiations continued up to the morning of trial. The United States has produced a letter from Attorney O'Brien to Robinson the day before trial which reflects the correct statutory maximum as of that time (ten years, the drug count having been dismissed) as well as Robinson's exposure in two state court systems. The Response also quotes at length the colloquy Robinson, O'Brien, and AUSA Guerrier had with the Court on plea possibilities the morning of trial. Robinson stated plainly that

Case: 3:12-cr-00032-SJD-MRM Doc #: 142 Filed: 03/25/24 Page: 6 of 9  PAGEID #: 2223

he understood his options at that time and that they were based on statutory maxima of ten years on each count that remained.

Given the documented exchanges with the Court and with Attorney O'Brien, Robinson's claim that he was misled into going to trial by believing the maximum sentence was five years is entirely incredible.  Robinson's First Ground for Relief should be dismissed.

**Ground Two:  Failure to File a Motion to Suppress**

Defendant's Second Ground for Relief asserts Attorney O'Brien provided ineffective assistance of trial counsel when he failed to file a motion to suppress the evidence seized by agents "during a search of petitioner's home."

The search in question was of 3921 Little York Road on October 2, 2009, which produced the firearms and ammunition which formed the corpus for the two counts of conviction.  Those charges required proof of possession of those items.  The guns and ammunition were not found in Robinson's actual possession, so that Government's case relied on a theory of constructive possession, proving that 3921 Little York Road was Robinson's residence.  If the firearms and ammunition could have been suppressed as seized in violation of the Fourth Amendment, the Government's case as presented would have had no basis.

However, in order to claim the benefit of the Fourth Amendment for that location, Robinson would have had to prove that was his residence, the key element of the Government's constructive possession case.  As Attorney O'Brien pointed out to Robinson, to have standing to raise a Fourth Amendment claim about the search and seizure, Robinson would have had to admit that that was his residence.  To have done so would have completely undermined his defense.

6

In addition to undermining the defense, a motion to suppress would have been meritless because Robinson was subject to search by agents of the Ohio Adult Parole Authority from a prior sentence of community control.

A defense attorney does not provide ineffective assistance of trial counsel when he declines to file a motion to suppress which by its mere filing will undermine the defense of lack of possession and is in any event meritless. Robinson's Second Ground for Relief should therefore be dismissed.

**Ground Three: Failure to Object to Disclosure of Prior Conviction**

Robinson had previously been convicted of involuntary manslaughter. Presumably in order to avoid testimony about the prior felony conviction, Robinson stipulated that he had a prior felony conviction, a necessary predicate for a conviction of being a felon in possession. (ECF No. 47).

The Government agrees that the Court accepted the stipulation but instructed that the Government was not permitted to discuss the nature of the prior conviction. On the third day of trial, the Assistant United States Attorney called Robin Williams, Defendant's girlfriend who was living with him at 3921 Little York Road, to testify about the presence of firearms in the living room and master bedroom at that location. Attorney Guerrier asked Ms. Williams if she knew whether Robinson had a prior criminal history "without going into it." Williams volunteered that Robinson had told her of a prior involuntary manslaughter conviction. Attorney Guerrier asked no further questions about the conviction and Williams did not volunteer anything further about it.

At that point Attorney O'Brien did not object and ask for an instruction to the jury to ignore the comment. Robinson alleges this was ineffective assistance of trial counsel. The Government concedes that Attorney O'Brien's failure to object was deficient performance, relying on *James v. United States,* 217 Fed. Appx. 431 (6th Cir. 2007). The Magistrate Judge disagrees. In *James* the prosecutor used stale (i.e. over ten years old) prior convictions to cross-examine the defendant, despite a plain prohibition in Fed. R. Evid. 609 and a pre-trial order reinforcing that prohibition. The Sixth Circuit found that nothing other than defense counsel's inattentiveness could explain the behavior. This case is readily distinguishable. Attorney Guerrier did nothing to elicit the identification of the prior felony. Once it had happened, it would have made good strategic sense for Attorney O'Brien not to have called attention to it by objecting and asking for an instruction. It is a well-known feature of human behavior that jurors and people in general are more likely to remember something they have been explicitly told by a judge to ignore.

As to the prejudice prong of *Strickland*, it is very unlikely this unobjected-to brief reference to a prior conviction made any difference in the outcome of the trial. The evidence of constructive possession was strong – leases, utility bills, and direct testimony of Robinson's residence at 3921 Little York Road.

Accordingly, Robinson's Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court

8

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 25, 2024.

<div style="text-align:center">**NOTICE REGARDING OBJECTIONS**</div>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge